OSWALD v. UNDERPINNING & FOUNDATION CO.

(Supreme Court, Appellate Division, First Department.   December 19, 1913.)

1. MASTER AND SERVANT (§ 252*)—ACTIONS FOR INJURIES—CONDITIONS PRECEDENT—NOTICE—AMENDMENT.

Labor Law (Consol. Laws 1909, c. 31) § 201, as amended by Laws 1910, c. 352, provides that no action for injuries or death shall be maintained under that article (the Employers' Liability Act) unless notice of the time, place, and cause of the injury is given the employer in writing, and fur-

ther provides that, if such notice does not apprise the employer of the time, place, and cause of the injury, he may in writing demand a further notice specifying the particular in which the first notice is claimed to be defective, that failure by him to make such demand shall be a waiver of all defects that the notice may contain, and that after service of such demand the sender of the notice may serve an amended notice which shall supersede the first notice and have the same effect as an original notice. *Held*, that the amended notice is not intended in every case to wholly supersede the original one, as the employer may require an additional notice as to only one or two of the three essential matters, and in such case the second notice supersedes the first only in so far as it is inconsistent therewith.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 252*)—ACTIONS FOR INJURIES—CONDITIONS PRECEDENT—NOTICE—AMENDMENT.

While an amended notice under such section supersedes the original in the sense that it takes its place and makes that perfect which theretofore was imperfect, it does not require the injured party to discontinue an action commenced prior to its service and commence a new action on the theory that, having been served subsequent to the commencement of the action, it cannot support such action.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Appeal from Trial Term, New York County.

Action by Edward Oswald against the Underpinning & Foundation Company. From a judgment on a verdict for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert C. Smyth, of New York City, for appellant.

Frank X. Sullivan, of New York City, for respondent.

SCOTT, J. The plaintiff sues his employer under the Employers' Liability Law (Consol. Laws 1909, c. 31, §§ 200–204) for damages resulting from an accident happening during the course of the work. In our opinion the evidence fully justified the recovery, and we should not find it necessary to say anything further, save for a question raised by the defendant as to the sufficiency of the notice of claim. On May 29, 1912, plaintiff served a notice of claim under the Employers' Liability Law, and on June 3, 1912, served a complaint in which he referred to and relied upon the notice served on May 29th. On June 1st, the defendant mailed to plaintiff's attorneys a demand for an amplified notice of claim. This was received by plaintiff's attorney on June 3d, the same day that the complaint was served, but whether before or after such service does not appear. On June 6th, plaintiff served the amplified notice demanded by defendant.

Defendant's contention is that, as by the terms of the statute the amended notice superseded the original notice, the latter can no longer serve as a basis for a recovery under the statute, and that the amended notice cannot so serve because it did not come into existence until after the action was begun.

[1, 2] Section 201 of the Labor Law, as amended by chapter 352, Laws of 1910, so far as applicable to the point now under consideration, reads as follows:

"Notice to be served. No action for recovery or compensation for injuries or death under this article shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days and the action is commenced within one year after the occurrence of the accident causing the injury or death. The notice required by this section shall be in writing and signed by the person injured or by some one in his behalf, but if from physical or mental incapacity it is impossible for the person injured to give notice within the time provided in this section, he may give the same within ten days after such incapacity is removed. In case of his death without having given such notice, his executor or administrator may give such notice within sixty days after his appointment, but no notice under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury if it be shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby. If such notice does not apprise the employer of the time, place or cause of injury, he may, within eight days after service thereof, serve upon the sender a written demand for a further notice, which demand must specify the particular in which the first notice is claimed to be defective, and a failure by the employer to make such demand as herein provided shall be a waiver of all defects that a notice may contain. After service of such demand as herein provided, the sender of such notice may at any time within eight days thereafter serve an amended notice which shall supersede such first notice and have the same effect as an original notice hereunder.  *  *  *"

What the statute requires is that, in order to avail himself of the act, a claimant must serve within a specified time a "notice of the time, place and cause of the injury." Much has been written as to the proper method of stating the cause of the injury, but it is not necessary to discuss that question now beyond remarking that in our opinion the notice first served fully complied with the requirements of the statute. Prior to the amendment of 1910, an injured employé was obliged to stand or fall upon the sufficiency of the notice first served, he had no means of knowing until the trial whether or not its sufficiency would be questioned, and if upon the trial it was successfully questioned he lost the benefit of the act. Thus many meritorious cases were thrown out of court owing solely to inadvertent defects in the notice of claim. The purpose of the amendment of 1910 was to prevent this. By that amendment the employer was required to give prompt notice to the employé if he considered the original notice insufficient or defective in any of the essential subjects to be included in the notice, to wit, the time, place, and cause of the injury. Thereupon the claimant was permitted to serve an amended claim, which should supersede or take the place of the original notice and have the same effect as an original notice. This amendment was evidently adopted wholly for the benefit of claimants, and should not be so construed as to embarrass them in prosecuting actions. It is evident that the amended notice is not intended in every case to wholly supersede the original one, for an employer upon whom a claim is served may require an additional notice of claim as to any one or two of the three matters as to which a notice is essential. Indeed, that is just what the defendant did in the present case, as it made no demand for an additional or amended no-

tice as to time or place, but only as to the cause of the accident. It is obvious that in such a case it was not the intent of the amendment that the original notice as to time and place should be wholly superseded. A reasonable construction of the amendment, and one which as we consider expresses its true meaning, is that the second notice shall be deemd to supersede the first in so far as they are inconsistent, and only to that extent.

The service of an amended notice after the complaint has been served does not, as we think, impose upon a plaintiff the obligation to discontinue his action and commence over again. The statute does not so provide, and we see no necessity for so holding. The moment a notice of claim has been served the claimant's right of action has been perfected. It is not the wording of the notice of claim, but the service of such a notice, which gives the right of action under the statute. Before the amendment of 1910, if the notice was defective, it might be declared a nullity on the trial, and thus leave the plaintiff with no cause of action under the statute. Now, however phrased, the notice is good unless an amplified or amended notice is demanded. When such an amplified or amended notice has been served, it supersedes the original in the sense that it takes its place, and makes that perfect which theretofore was imperfect, and the action may go on as if the perfect notice had been originally served. This construction gives full effect to the statute and affects unfavorably no material interest of either party.

Judgment and order affirmed, with costs. All concur.