### SPAGUIS v. AMERICAN LOCOMOTIVE CO.

### KALENDA v. SAME.

(Supreme Court, Trial Term, Schenectady County.   January, 1914.)

MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—ACTIONS—NOTICE.

Labor Law (Consol. Laws, c. 31) § 201, as amended by Laws 1910, c. 352, provides that no action shall be maintained thereunder unless written notice of the time, place, and cause of the injury is given to the employer, and if the notice does not apprise the employer of such facts, he may, within eight days after service, demand further notice specifying the particulars in which the first is claimed to be defective; otherwise, he is deemed to have waived all defects in the same. *Held*, that an employé could commence an action for personal injuries within less than

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

eight days after the service of the notice, for, unless the notice is objected to, all defects are waived, and the employé, in case of objections, might refuse to serve an amended notice and stand on the one given, while if an amended notice is filed it relates back and takes the place of the original one.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Actions by Joe Spaguis and by Zygmant Kalenda against the American Locomotive Company. On demurrers to the answers. Demurrers sustained.

Leary & Fullerton, of Saratoga Springs, for plaintiffs.
Alonzo P. Strong, of Schenectady, for defendant.

WHITMYER, J. The above-entitled actions have been brought under the employer's liability article of the Labor Law (Consol. Laws, c. 31, §§ 200–204), and the complaints therein also state a cause of action at common law. In the Spaguis Case, notice of injury was served July 10, 1913, and action was commenced July 11, 1913. In the Kalenda Case, such notice was served August 12, 1913, and action was commenced August 15, 1913. Defendant, by its third answer in the former case and by its second answer in the latter, alleges that the actions were commenced within eight days after service of notice of injury and before the expiration of the time granted by section 201 of the Labor Law to make demand for further notice. Plaintiff has demurred, not to the answers as a whole, but to the said parts thereof, upon the ground that the same are insufficient in law. The demurrers were argued together, and the cases will be considered together.

Section 201 of the employer's liability article of the Labor Law, as amended by chapter 352, Laws of 1910, provides, in effect, and so far as material, that no action for recovery of compensation for injury or death under said article shall be maintained unless notice of the time, place, and cause of the injury is given to the employer within 120 days, and the action is commenced within a year after the occurrence of the accident causing the injury or death. The notice is required to be in writing and signed by the person injured, or by some one in his behalf, except in cases of physical or mental incapacity, or of death. If it does not apprise the employer of such time, place, or cause, he may, within eight days after service thereof, serve written demand for further notice, specifying the particulars in which the first is claimed to be defective; otherwise, he is deemed to have waived all defects in same. And the sender of the notice may at any time within eight days thereafter serve an amended notice, which shall supersede the first and have the same effect as an original.

The law did not provide for an amended notice, until chapter 352, Laws of 1910, went into effect. Prior to that, an injured employé could not learn until the trial of his case whether the notice served by him would be questioned or not, and if it was questioned success-

fully he lost his right of action under the act. The purpose of the amendment was to remedy this situation. It was adopted for the benefit of the injured employé. Accordingly, if the notice served by such injured employé does not sufficiently apprise his employer of the time, place, and cause of the injury, the latter may, within eight days thereafter, serve written demand for further notice, specifying the defects, if any, in the original; otherwise, he is deemed to have waived such defects. He may or may not make such demand, just as he may elect. If he does, there is no waiver; if he does not, he is deemed to have waived defects. The notice served is good, unless an amended notice is demanded. On the other hand, the employé may or may not comply with his employer's demand, just as he may elect. If he does not, he will be deemed to stand upon the notice as served, in which event he will be taking the chance of having same declared insufficient on the trial, when it will be too late to amend, as was the case before the amendment became law. If he does, he is required to serve an amended notice within eight days after demand, and this, when served, supersedes and has the same effect as the original. If action has already been commenced, it is not affected by the service of such amended notice, and the employé is not required to discontinue and to commence over. The law does not so provide. Nor does it prohibit the commencement of action immediately after service of notice. The question has been recently decided by the First Department in Oswald v. Underpinning & Foundation Co., 159 App. Div. 684, 144 N. Y. Supp. 844, where the court says:

"The service of an amended notice after the complaint has been served does not, as we think, impose upon a plaintiff the obligation to discontinue his action and commence over again. The statute does not so provide, and we see no necessity for so holding. The moment a notice of claim has been served, the claimant's right of action has been perfected. It is not the wording of the notice of claim, but the service of such a notice, which gives the right of action under the statute. Before the amendment of 1910, if the notice was defective, it might be declared a nullity on the trial, and thus leave the plaintiff with no cause of action under the statute. Now, however phrased, the notice is good, unless an amplified or amended notice is demanded. When such an amplified or amended notice has been served, it supersedes the original, in the sense that it takes its place, and makes that perfect which theretofore was imperfect, and the action may go on as if the perfect notice had been originally served. This construction gives full effect to the statute and affects unfavorably no material interest of either party."

The demurrers must therefore be sustained, with costs to plaintiff in each action, to abide the event of the trials of the issues of fact.